

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 16, 1967

Thomas S. Bishop
Major General, TexARNG
Adjutant General of Texas
Austin, Texas

Dear General Bishop:

Opinion No. M- 93

Re: Questions relative to the
construction of House Bill
108, enacted by the 60th
Legislature.

In a recent letter to this office you requested an opinion in regard to the above referenced matter. We quote from your letter as follows:

"1. Does a surviving child of a guardsman, who is killed while performing State duty, commence receiving the child's compensation, authorized under Section 1c of HB 108, at the same time the surviving spouse starts receiving the $120. per month plus 12 1/2% of the basic pay of the guardsman or is this compensation only payable to the child in the event of the death of remarriage of the surviving spouse?

"2. If a guardsman is injured, while performing State duty and is unaware of his entitlements under HB 108, and at a later date becomes aware of his benefits and files a claim, will his benefits commence with the date of his filing or will they commence with the date of injury?"

The applicable portions of House Bill 108, Acts 60th Legislature, 1967 (amending Article 5783, Sec. 10, Vernon's Civil Statutes) read as follows:

"Section 10. DISABLED MEN. (a) Every member of the Military Forces of this state who shall be wounded, disabled or injured, or who shall contract any disease or illness, in line

of duty while in the service of this state in case of riot, tumult, breach of the peace, resistance to process, invasion, insurrection, or imminent danger thereof, or whenever called upon in aid of the civil authorities, or when participating in any training formation or activity under order of the commanding officer of his unit, or while traveling to or from his place of duty in such instances, shall be entitled to and shall receive, or be reimbursed for, hospitalization, rehospitalization, and medical and surgical care in a hospital and at his home appropriate for the treatment of such wounding, disability, injury, disease or illness, and necessary transportation incident thereto so long as such wounding, disability, injury, disease or illness exists, and shall receive the same pay and allowance whether in money or in kind, to which he was entitled at the time when the injury was incurred or the disease or illness contracted, <u>during the period of his disability but not for more than a total of twelve (12) months after the end of his tour of duty.</u>

"(b) A member of the Military Forces of the state who incurs a permanent disability while performing a military duty as provided in Subsection (a) of this section is entitled to receive a compensation based on a percentage of total disability. In addition to this compensation the disabled person shall be entitled to and shall receive or be reimbursed for hospitalization, rehospitalization, and medical and surgical care in a hospital or at his home as appropriate for the treatment of such wounding, disability, injury, disease or illness, and necessary transportation incident thereto for the duration of his disablement. The Adjutant General of Texas shall appoint at least five persons, including at least one officer of the Medical Corps, to a board of officers which shall determine the percentage of total disability and award compensation for the disability. A person who incurs a permanent disability as provided in this subsection is entitled to receive a compensation set by the board of officers of up to $120 per month plus 12 1/2 percent of the basic pay of the grade or rank held by that person at the time the disability was incurred. The board of officers shall review each award of compensation annually on a date set by the Adjutant General of Texas to determine whether

each award of compensation should be continued, increased, reduced, or eliminated. Compensation under this subsection may not be awarded or paid until the provisions of Subsection (a) have been complied with.

"(c) If a member of the Military Forces of the state dies as a result of injuries or disease incurred as provided in Subsection (a) of this section, his estate shall be entitled to any reimbursement for which the deceased would have been entitled and to his accrued pay and allowances and compensation or reimbursement for actual funeral expenses not to exceed the sum of Five Hundred Dollars ($500). His surviving spouse is entitled to receive a compensation of $120 per month plus 12 1/2 percent of the basic pay established for the member of State Military Forces until the surviving spouse dies or remarries. If the surviving spouse remarries and there are surviving children, the children will receive compensation as follows:

". . .

"If a member of the Military Forces of this state dies as a result of injuries or disease incurred as provided in Subsection (a) of this section and is not married but is survived by children under 18 years of age, the children are entitled to compensation as enumerated above. If the surviving spouse of the member of the State Military Forces dies and there are children under age 18, the compensation for children as set forth in this section will be payable to the children or guardian. . . ." (Emphasis added.)

In answer to your first question, a surviving child of a guardsman who is survived by his spouse, and who is killed while performing State duty, is entitled to the compensation provided in the Act only in the event that the surviving spouse subsequently dies or remarries.

In answer to your second question, the following language contained in House Bill 108 is controlling:

". . .and shall receive the same pay and allowance whether in money or in kind, to which he was entitled at the time when the injury was

incurred or the disease or illness contracted, <u>during the period of his disability</u> but not for more than a total of twelve (12) months after the end of his tour of duty." (Emphasis added.)

The injured or disabled guardsman is entitled to receive the benefits provided in the Act commencing with the date of the injury or disability.

## S U M M A R Y

Pursuant to H.B. 108, 60th Legislature, a surviving child of a guardsman who is killed while performing State duty is entitled to the compensation provided in the Act only in the event that the spouse of the guardsman does not survive or in the event that a spouse who does survive subsequently dies or remarries.

An injured or disabled guardsman is entitled to receive the benefits provided in the Act commencing with the date of the injury or disability.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Lewis E. Berry, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
Kerns Taylor
John Banks
Roger Tyler
Paul Martin

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.